# CHARLESTON.

STATE *v.* VERTO AND BRUZZINO.

Submitted March 27, 1908. Decided May 4, 1909.

1. RAPE—*General Reputation—Evidence.*

   Upon a trial for rape a defendant is allowed to prove that the general reputation of the prosecutrix, before the act, was bad as to chastity. (p. 629.)

2. CRIMINAL LAW—*Instruction.*

   A prisoner on trial has right to have given an instruction presenting to the jury specifically his theory or claim of defense, under the evidence, in his own language, if in law the instruction is sound. (p. 630.)

Error to Circuit Court, Marion County.

Mike Verto and Sam Bruzzino were indicted for crime, and Verto and Bruzzino were convicted, and Verto brings error.

*Reversed.*

HARRY SHAW, for plaintiff in error.

WM. G. CONLEY, Attorney General, for the State.

BRANNON, JUDGE:

In the circuit court of Marion county Mike Verto, Paul Oliverio and Sam Bruzzino were indicted for rape upon Zana Mike. Oliverio escaped, and Verto and Bruzzino were convicted by a jury and sentenced to the penitentiary for twelve years.

On the trial the court refused the defendants' instruction No. 4, that if the jury believed from all the evidence that the defendants did not touch or interfere with the person of Zana Mike, when the rape was alleged to have been committed, but went to the place for the purpose of inducing Paul Oliverio to

leave her alone and go to his home, then the defendants were guilty of no offence.

There was evidence going to show that Oliverio was raping the woman and that the defendants went to the spot to make him desist, and did not assault the woman or aid and abet. Whether this evidence was credible or not we do not say; but it was in the case. Why this instruction was objected to or refused, no member of this Court can see. While I think the instruction ought to have been given, I would hesitate to reverse on it alone, because I think any jury would acquit if it supposed facts were proven, without any instruction, and also because instructions given by the court told the jury that to convict they must find beyond reasonable doubt that the prisoners committed the act by force and against the will of Zana Mike, or aided and abetted the act. The defendants' claim was that only Oliverio ravished the woman and that they, seeing him assault the woman, went to her relief, and they had a right to have this claim put before the jury in a direct, distinct instruction, in their own language as a definite legal proposition. The defense sought to show by a witness, Guarascio, that the general reputation of Zana Mike as to chastity and virtue was bad. Whilst the witness did not show knowledge of general reputation, but said he heard the boarders talk about her, when the question was put, "What is this woman's reputation in that respect, good or bad?" the court said, "The court will exclude that question, because not a material inquiry in this kind of a case." Why not? It is settled that in prosecutions for rape, the unchastity of the prosecutrix may be shown. 10 Ency. of Evi. 602; 23 Am. & Eng. Ency. Law, 870; Elliott on Evi., sec. 3101. Another witness, Guzzo, was asked as to her reputation as to chastity, and the court allowed him to answer that it was bad, saying that it was admitted for the purpose of showing the probability of consent. This remark, which was correct, was inconsistent with the remark above quoted. Which ruling of the court would the jury follow? Was the matter not thus left in uncertainty? What would the jury think as to the opinion of the court as to the effect of such character evidence? The remark above quoted, that evidence of reputation was not pertinent in such a case, would weaken the effect of the evidence of Guzzo, that was admitted. After Guzzo was allowed to say that he was acquainted

with the reputation of the prosecutrix, and that it was bad, he was asked whether he had heard her reputation was bad before the alleged rape, and the court would not allow the question to be answered. We understand the law to be that it is allowable to prove such reputation only *before* the act, not after it. The defense sought to prove bad repute before the alleged rape so as to bring it within the law.   4 Elliott on Evi., sec. 3101.

I see no objection to instruction No. 5, telling the jury that even if Oliverio did rape Zana Mike they must find the defendants not guilty, unless the jury should believe beyond all reasonable doubt that defendants also had sexual intercourse with her, or aided and assisted Oliverio in having such connection with her. It may want the words "or were present for that purpose," as its close, though presence for such purpose would be aiding and abetting, and I hardly think these words essential. The contention of the defense was that Oliverio did the act and they were present only to make him desist, and they did not touch her. There was considerable evidence tending to show this.

I cannot see why they were not entitled to an instruction directed to the distinct point, that though Oliverio did the act, they would not be guilty unless they had intercourse, or were present aiding and abetting Oliverio. The instructions given did not cover just this point specifically, but only generally. A party has a right to an instruction in his own language.

We do not think there is error in refusing a view. It is a matter in the discretion of the court, and we see no such necessity for a view.  *Gunn* v. *Railroad* Co., 36 W. Va. 165.

It will be understood that this Court intimates no opinion as to the guilt or innocence of the defendants. That is for the jury and court upon another trial. We see no error in other respects than those specified.

Judgment reversed, verdict set aside and new trial granted.

## ON REHEARING.

Since writing the above opinion and its adoption by the Court my attention has been called to that feature of it holding it error to reject evidence of the woman's reputation prior to the crime charged. I refer to the evidence of Guzzo. A fuller statement as to his evidence is this, which I make to fairly pre-

sent the ruling of the circuit court: Guzzo was asked whether he was acquainted with the woman's reputation "for chastity and virtue at the time of the trouble on the first day of March and before." And having answered that he was, he was then asked whether it was good or bad. The State objected. The court said: "This portion of the testimony can only go for the purpose of showing whether or not she consented." The answer was that the witness had heard it was bad. Next followed the question whether such reputation was bad "before this trouble on the first day of March." The court refused to allow the question to be answered. Now, it is suggested that the first answer covered the time before the trouble and it was useless to allow the witness to repeat by answering the pointed question whether he was acquainted with the woman's reputation before the trouble; but the trouble is that the answer to the first question covered the time at and before the trouble, and the refusal to allow the second question to be answered would logically induce the jury to think that reputation before the trouble was not admissible, whereas, it was only admissible to prove the reputation before the trouble. I repeat that under these circumstances the jury might infer that the opinion of the court was that reputation prior to the trouble was not admissible or to be considered by the jury. The first answer covering time both before and after the act, defendants had the right to show that such reputation was prior, so as to come inside the law, the first answer being indefinite. If we cannot say that the jury might so infer, still would it not leave it a matter of uncertainty as to the ruling of the court upon the admissibility of evidence of reputation before the trouble? Under the evidence, which I have not detailed, that was a proper matter for the consideration of the jury and we can say either that evidence of reputation before the crime alleged was rejected or its competency left in doubt before the jury.

This note is written as a further note by me, and not for the Court, as it did not go before the Court.

*Reversed.*